# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

MATTHEW K. JORDAN,

      Petitioner,

v.

SUPERINTENDENT,

      Respondent.

Case No. 3:15-CV-487 JVB

## OPINION AND ORDER

Matthew K. Jordan, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 15-06-574) where the Westville Correctional Facility Disciplinary Hearing Officer (DHO) found him guilty of having a Sexual Act with a Visitor in violation of A-114 on June 27, 2015. As a result, he was sanctioned with the loss of 90 days earned credit time and demoted to Credit Class 2.

Jordan lists four grounds in his petition, but they are merely restatements of two claims. He argues that there was insufficient evidence to have found him guilty and that he was denied witness statements and video evidence.

Jordan asserts that there was insufficient evidence because it was impossible for the guard who wrote the conduct report to have seen him with "his hand up the skirt of his visitor . . . in the groin area . . . ." (DE 1-1 at 4.) He also argues that when the guards decided to keep an eye on him because he and his visitor were too close and were laughing, the guards should have moved him to the front of the room rather than allowing him to remain in the back. (DE 1 at 2.)

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison

> disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parentheses, and ellipses omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here.

The officer reported seeing Jordan with "his hand up the skirt of his visitor . . . in the groin area . . . ." (DE 1-1 at 4.) It is not for the Court to judge the credibility of that officer nor to resolve Jordan's contention that the officer was not in a position to have seen either Jordan's hand or his visitor's groin. Neither was the guards' decision to watch Jordan in the back of the room rather than move him to the front a basis for finding that there was insufficient evidence based on what the reporting officer later saw. Based on the conduct report, there was sufficient evidence to have found Jordan guilty.

Jordan asserts that it was a due process violation not to have permitted him to submit witness statements and video evidence. An inmate has a constitutional right to present relevant, exculpatory evidence during a prison disciplinary hearing which extends the duration of his confinement. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

However, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996).

During his screening, Jordan only requested one witness: Officer Vasquez. Jordan did not request any physical evidence. He did not request any video. He signed the screening report. (DE 1-1 at 8.) Officer Vasquez provided a statement and therefore Jordan was not denied the evidence he requested.

Nevertheless, Jordan now argues that the DHO should have considered other evidence even though he did not request it. He argues that the video from the visitation room should have been reviewed. However, Jordan watched the video with a sergeant after Jordan was first accused and he knows it is not exculpatory. When they watched the video it didn't show what happened and they "couldn't tell." (DE 1 at 2.) An inconclusive video is not exculpatory.

Jordan now argues that the sergeant should have submitted a statement even though he did not ask her to do so. However, even if he had requested a statement from her, a statement saying that the video was inconclusive would not have been exculpatory. Jordan did get a statement from Officer Vasquez who wrote, "When I asked the Sgt. if she could see the video she said she could not tell." (DE 1-1 at 5.)

Jordan also argues that months after the hearing, he spoke to a guard who agreed to write him a statement saying that "the write up and accusations was bogus." (DE 1 at 2.) However, Jordan has not submitted a statement from that guard. Nevertheless, even if it had been submitted, it would not demonstrate a due process violation because the DHO did not deny him the opportunity to have timely requested and submitted it during the hearing.

For these reasons, the Court **DENIES** the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4 and **DIRECTS** the clerk to close this case.

SO ORDERED on June 29, 2016.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE